## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

Civil Action No.: 4:12-cv-03309

George Adams,

       Plaintiff/Movant

The Employment Network,

       Defendant.

---

## COMPLAINT

---

For this Complaint, the Plaintiff, George Adams, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.     This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

3.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5.     The Plaintiff, George Adams ("Plaintiff"), is an adult individual residing in Houston, Texas.

6.     The Defendant, The Employment Network ("TEN"), is a New York business entity with an address of 1200 South Avenue, Staten Island, New York 10314, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## FACTS

7.     Within the last year, Defendant placed up to five calls daily to Plaintiff's cellular phone using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

8.     Plaintiff has no previous relationship with Defendant and never gave his consent to be called at his cellular phone.

9.     On several occasions, Plaintiff attempted to speak with a live representative to request that Defendant cease all Robocalls.  Plaintiff, however, was often unable to get a hold of a representative as the Robocalls always said "all operators are busy."

10.     On or around August 27, 2012, Plaintiff was able to get through to a live representative.  Plaintiff spoke with Billy, and asked that Defendant cease the Robocalls.

11.     Nonetheless, Defendant continued to hound Plaintiff with Robocalls to his cellular phone.

12.     Defendant's Robocalls caused Plaintiff a great deal of aggravation because Plaintiff uses his personal cellular phone to run his business.

A.     **Plaintiff Suffered Actual Damages**

13.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

2

14.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

15.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     Without prior consent the Defendant contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

18.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

21.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

22.     The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with repeated phone calls.

23.     The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

24.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

25.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

26.     All acts of the Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2.   Attorney's costs and fees;

3.   Punitive damages; and

4.   Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 8, 2012

Respectfully submitted,

By: __/s/ Jody B. Burton_____

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424